IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY V. YUNIK, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1706 |
| | ) | Judge Donetta W. Ambrose/ |
| CATHERINE C. McVEY, | ) | Magistrate Judge Amy Reynolds Hay |
| Chairperson - Pennsylvania Board of | ) | |
| Probation and Parole; et al., | ) | |
|     Defendants | ) | RE: Doc. 11 |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that Plaintiff's motion for a preliminary injunction be denied.

II. Report

It appears from the amended complaint, which is not a model of clarity, that Jay V. Yunik ("Plaintiff") is asserting that he has been denied parole in violation of the laws and constitution of the United States and has suffered acts of retaliation at the hands of the Department of Corrections ("DOC") after filing grievances. Through the instant motion for preliminary injunction, Plaintiff seeks to restrain the DOC from placing him in the Restricted Housing Unit ("RHU"), where his access to legal materials is somewhat restricted, and from transferring him to another correctional facility.

    A.    Legal Standard

The grant of injunctive relief "is an 'extraordinary remedy, which should be granted only in limited circumstances.' " Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800

(3d Cir. 1989) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)).  To obtain a preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured pendente lite if relief is not granted . . ..  Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted).

A preliminary injunction cannot be granted absent a showing of irreparable harm.  Instant Air Freight Co., 882 F.2d at 800.  The moving party must offer a "clear showing of immediate irreparable injury."  ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (district court's preliminary injunction vacated due to plaintiff's failure to show irreparable harm).   This is not an easy burden.  Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).  For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of *immediate* irreparable harm."  Campbell Soup Co. vs. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).  For "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ."  Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted).  Merely "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'"  Hohe v. Casey*,* 868 F.2d 69, 72 (3d Cir. 1989).   The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  United States v.

2

Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Id.

Plaintiff has not met his burden here. He complains that DOC personnel have threatened to transfer him to another facility, at some unspecified point in the future. As noted, an injunction will not issue to eliminate a possibility of a remote future injury. Acierno v. New Castle County, 40 F.3d at 655. Plaintiff also appears to complain about future placement in the RHU on false charges, which, he claims, has occurred on at least 2 occasions in the past. Again, there is no immediate harm demonstrated. Plaintiff's allegations simply fail to show an immediate irreparable injury that will result from the Court's denial of his motion for preliminary injunction.

For the above-stated reasons, Plaintiff's motion for preliminary injunction should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

    Respectfully submitted,

    */s/ Amy Reynolds Hay*
    United States Magistrate Judge

Dated: 27 April, 2009

cc:    Hon. Donetta W. Ambrose
       Chief United States District Judge

Jay V. Yunik
EK-5560
SCI Mercer
801 Butler Pike
Mercer, PA 16137