IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAY V. YUNIK,                                    )
                             Plaintiff    )
                                           )
         vs.                                   )       Civil Action No. 08-1706
                                           )       Judge Donetta W. Ambrose/
CATHERINE C. McVEY,                              )       Chief Magistrate Judge Amy Reynolds Hay
Chairperson - Pennsylvania Board of              )
Probation and Parole; MICHAEL L.                 )
GREEN, Member - Pennsylvania Board of            )
Probation and Parole; JEFFREY R.                 )
IMBODEN, Member - Pennsylvania Board             )
of Probation and Parole; MATTHEW T.              )
MANGINO, Member - Pennsylvania Board             )
of Probation and Parole; BENJAMIN A.             )
MARTINEZ, Member - Pennsylvania                  )
Board of Probation and Parole; GERALD            )
N. MASSARO, Member - Pennsylvania                )
Board of Probation and Parole; MICHAEL           )
M. WEBSTER, Member - Probation and               )
Parole; LLOYD A. WHITE, Member -                 )
Pennsylvania Board of Probation and              )
Parole; ALL JOHN DOE'S AND JANES                 )
DOE'S, Member- Pennsylvania Board of             )
Probation and Parole; DR. JEFFREY A.             )
BEARD, Secretary - Pennsylvania                  )
Department of Corrections; JOHN S.               )
SHAFFER, Execute Deputy Secretary -              )
Pennsylvania Department of Corrections;          )
JUDITH VIGLIONE, Director - Bureau               )
of Inmates Service - Pennsylvania                )
Department of Corrections; MS. SNYDER,           )
Parole Agent - S.C.I. Mercer; MICHAEL            )
W. HARLOW, Superintendent, S.C.I.                )
Mercer; FRED J. RUFFO, Official S.C.I.           )
Mercer; MR. MAHLMEMISTER, Deputy                 )
Superintendent S.C.I. Mercer; MS.                )
BAKER, Officer - S.C.I. Mercer;                  )
WILLIAM (BILL) WOODS, Unit Manager -)
S.C.I. Mercer; MRS. KING - Unit Manager -)
S.C.I. Mercer; LT. COON, S.C.I. Mercer;          )

JODI STEVENS, Counselor, S.C.I. Mercer; )
LT. WILLIAMSON, S.C.I. Mercer; MR.       )
CHAMBERLAIN, Parole Agent, S.C.I.        )
Mercer; THOMAS W. CORBETT, JR.,          )
Attorney General of Pennsylvania; ALL    )
JOHN DOE'S AND JANE DOE'S Deputy         )
Attorney General of Pennsylvania; ALL    )
ATTORNEY'S WORKING FOR ANY               )
AND ALL CITY, COUNTY'S OR STATE          )
OF PENNSYLVANIA; ALL FEDERAL             )
ATTORNEY'S WORKING FOR ANY               )
AND ALL FEDERAL GOVERNMENT'S             )
OF THE STATE OF PENNSYLVANIA,            )
                              Defendants )


## REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that pursuant to the screening provisions of the PLRA, the

complaint be dismissed in part.

II.    REPORT

Jay V. Yunik ("Plaintiff") is a state prisoner who was charged with, inter alia, Indecent

Assault on a Person under 13 years of age, Corruption of Minors and Rape.  In a guilty plea deal,

Plaintiff pleaded guilty to one count of rape and was sentenced on June 6, 2000 to a sentence of

4½ year to 15 years.  Plaintiff has now sued, *inter alia*, 11 named individual defendants, all of

whom are employed either by the Pennsylvania Board of Probation and Parole or the

Pennsylvania Department of Corrections.  In addition, Plaintiff has named several groups of John

and Jane Doe Defendants, including "ALL ATTORNEYS WORKING FOR ANY & ALL CITY,

COUNTIES, OR STATE OF PENNSYLVANIA" (Dkt. [12] at 2) and "ALL FEDERAL

ATTORNEYS WORKING FOR ANY & ALL FEDERAL GOVERNMENTS OF THE STATE

2

OF PENNSYLVANIA." Id.

Plaintiff's complaint is not a model of clarity. At bottom he seems to have three sets of complaints. First, that the Board and DOC require Plaintiff to undergo various treatment programs so that the DOC can determine whether to recommend him for parole or not and that the Board considers Plaintiff's participation in this programming in order to determine his suitability for parole. Second, the Board engages in reverse discrimination, routinely granting African American prisoners parole while routinely denying white prisoners parole. Plaintiff also alleges age discrimination, claiming that older prisoners are not paroled as frequently as younger prisoners. Third, that some of the Defendants are engaging in retaliation against Plaintiff.

The complaint has not been filed yet but pursuant to the screening provision of the PLRA, the court recommends that many of Plaintiff's claims be dismissed for failure to state a claim upon which relief can be granted and/or for being frivolous.

**Applicable Legal Standards**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a "prisoner" who has filed a civil action against "officer[s] or employee[s] of a governmental entity" within the meaning of 28 U.S.C. § 1915A(a), the screening provision of Section 1915A(b) apply herein. Similarly, because Plaintiff is a "prisoner" who has been granted IFP status, the screening provisions of 28 U.S.C. 1915(e) apply. In like manner, to the extent that the current amended complaint challenges "prison conditions" and because Plaintiff is a prisoner, the

3

screening provisions of 42 U.S.C. § 1997e(c)(1) apply.  These three screening provisions permit

a court to dismiss such complaints if the court determines them to be frivolous, malicious, or if

they fail to state a claim upon which relief may be granted.

In performing a court's mandated function of sua sponte reviewing a complaint under

28 U.S.C. §§ 1915A, and 1915(e) and 42 U.S.C. § 1997e to determine if it fails to state a claim

upon which relief can be granted, a federal district court applies the same standard applied to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Tucker v. Angelone, 954 F.

Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c)

the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon

which relief could be granted'.  This is the familiar standard for a motion to dismiss under

Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

In reviewing complaints as mandated by the screening provisions of the PLRA, the Court

applies, as noted,  the standards applicable to a 12(b)(6) motion to dismiss.  The Supreme Court

recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be

dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

Id. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41,

45-46 (1957)).  Previously, under Rule 12(b)(6), this court applied the test that a complaint

would be not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. at

45-46.  That standard from Conley v. Gibson has been explicitly abrogated by Twombly:  "[w]e

could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts'

language has been questioned, criticized, and explained away long enough . . . and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  550 U.S. 562-63.  It is clear that the Conley standard no longer applies. The Twombly standard that is meant to replace the Conley standard is couched in terms of "plausibility."  See e.g., id. at 564 ("When we look for plausibility in this complaint, we agree with the District Court that plaintiffs' claim of conspiracy in restraint of trade comes up short."). However, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, the plausibility standard of Twombly applies even to pro se litigants.  See  Erickson v. Pardus, 551 U.S. 89, 93-95 (2007)(applying Bell Atlantic in pro se case).

In reviewing complaints as mandated by 42 U.S.C. § 1997e and 28 U.S.C. §§ 1915A & 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or legal conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not

5

bound to accept as true a legal conclusion couched as a factual allegation."); <u>Labovitz v.
Washington Times Corp.</u>, 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely
legal conclusions masquerading as factual allegations.")(some internal quotations omitted).
Neither does the court have to accept as true anything in the complaint which contradicts facts of
which the court may take judicial notice.  <u>See</u>, <u>e.g.</u>, <u>Sprewell v. Golden State Warriors</u>, 266 F.3d
979, 988 (9th Cir. 2001)(in ruling on a motion to dismiss, "[t]he court need not, however, accept
as true allegations that contradict matters properly subject to judicial notice. . . ."), *opinion
amended on denial of rehearing by*, 275 F.3d 1187 (9th Cir. 2001);  <u>Commonwealth Edison Co.
v. United States</u>, 46 Fed. Cl. 158, 160 n.3 (Fed. Cl. 2000) ("Contrary to plaintiff's claim, it is
well-established that a court need not accept as true allegations contained in a complaint that are
contradicted by matters on which the court may take judicial notice. . . ."), <u>aff'd</u>, 271 F.3d 1327
(Fed.Cir. 2001).

In addition to the complaint, courts may consider matters of public record, orders,
exhibits attached to the complaint and items appearing in the record of the case in disposing of a
motion to dismiss under Rule 12(b)(6).  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d
1380, 1385 n.2 (3d Cir. 1994); <u>Chester County Intermediate Unit v. Pennsylvania Blue Shield</u>,
896 F.2d 808, 812 (3d Cir. 1990).  Because the court may consider matters of public record,
orders, exhibits attached to the complaint and items appearing in the record of the case in
disposing of a motion to dismiss under Rule 12(b)(6), and because the standards for dismissal for
failing to state a claim under 28 U.S.C. §§ 1915A & 1915(e) and under 42 U.S.C. § 1997e  are
the same as under a 12(b)(6) motion, the court may consider these same matters in performing its
screening function under 28 U.S.C. §§ 1915A & 1915(e) and 42 U.S.C. §1997e.  <u>See</u> <u>Lloyd v.</u>

United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court

may take judicial notice of public records without converting a motion to dismiss to a motion for

summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court

will take judicial notice of court records in conducting its initial review under §1915A.").

**Discussion**

Plaintiff alleges many bases for jurisdiction of the current action, including the Class

Action Fairness Act.  Dkt. [12] at 2.  However, because Plaintiff is a prisoner proceeding pro se,

and because he has been denied counsel at this juncture, Dkt. [5], he may not commence a class

action lawsuit.  See, e.g.,  Awala v. New Jersey Dept. of Corrections, 227 Fed.Appx. 133, 134

(3d Cir. 2007)(affirming the District Court where the "District Court dismissed Awala's

complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding

that as a pro se prisoner without formal training in the law who is no longer being detained in the

same prison facility as the other proposed class members, Awala would not be able to adequately

represent the interests of the class and maintain the suit as a class action");  Bricker v. McVey,

NO. CIV 1:CV-08-01033, 2009 WL 960383, at *8 n.11  (M.D.Pa. April 7, 2009)("When

confronting such a request from a prisoner, courts have consistently held that a prisoner acting

pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'") (quoting

Carter v. Taylor, 540 F.Supp.2d 522, 527 (D.Del. 2008)); Caputo v. Fauver, 800 F.Supp. 168,

170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court

that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent

the interests of his fellow inmates in a class action").  Hence, any putative class action claims

should be dismissed.

Plaintiff also attempts to invoke this Court's jurisdiction pursuant to 28 U.S.C. §1332, under the guise of diversity of citizenship.  However, Plaintiff fails to allege his own citizenship. He does allege that all defendants are Pennsylvania Residents.  Dkt. [12] at 3, ¶ 7.  However, because he fails to allege his citizenship, any claims based on diversity of citizenship should likewise be dismissed.  See, e.g., Kissi v. Gillespie, __ Fed.Appx. __, __ , 2009 WL 3236198 at *1 (3d Cir. Oct. 9, 2009)("A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'")(quoting, Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

Hence, Plaintiff is properly left only with 28 U.S.C. §1983 as the jurisdictional basis for the current action.[1]

---

[1]  We note that Plaintiff also appears to invoke the habeas statue 28 U.S.C. § 2241 and/or § 2254 as a basis for jurisdiction.  Dkt. [12] at 2, ¶ 4.  However, to the extent that he is attempting to raise herein claims properly brought under habeas, we note that he has a currently pending habeas petition in this Court already.  Yunik v. Harlow, 08-CV-304E (W.D. Pa. Filed 11/3/08, which was filed only one month prior to the date whereon the instant civil rights action was deemed to have been filed, i.e., December 12, 2008).  The general rule is that a habeas petitioner must bring all of his then existing habeas claims whether they relate to his parole or his underlying conviction in the same habeas petition under threat of having any subsequent petition raising claims attacking the conviction or parole denial being barred as second or successive.  See, e.g., Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005)(holding that a habeas petitioner who filed a first habeas petition, challenging his conviction, which was denied and thereafter, filed a second habeas petition, challenging a parole denial where the claims concerning the parole denial were available to him prior to his filing the first habeas petition, the second habeas petition had to be dismissed as violating AEDPA's bar on second or successive petitions).  The Benchoff opinion based its reasoning on the fact that one must bring all of one's claims which are available at that time in one habeas petition, regardless of whether a habeas petitioner challenges the conviction or the administration of the sentence.  See id., at 818-819 ("every Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ."); Davis v. Beard, Civ.A. No. 08-441, 2008 WL 1957763, at *3 (W.D.Pa. May 2, 2008); Barrett v. Patrick, No. 05-370J, 2006 WL 2077019, at *4 (W.D.Pa. July 24, 2006).  Hence, to the extent that Plaintiff is seeking to bring any habeas claims herein, they are only properly brought in his currently pending habeas petition and will not be addressed herein given the Benchoff rule.

Plaintiff's first set of claims attack the Board and its policies and procedures alleging, inter alia, that the Plaintiff was prosecuted for his crimes under the Pennsylvania State Constitution of 1968 which was void as being adopted without legal authority and furthermore, because there was no true criminal code provided for in the 1968 Constitution, he cannot be legally held in custody for a non-existent crime given that there are no valid criminal statutes. Dkt. [12] at 4, ¶ 14.  He further complains that he was prosecuted under Court rules promulgated by the Pennsylvania State Supreme Court which allegedly violates the Federal Constitution's Separation of Powers Clause, i.e, the State Supreme Court cannot validly promulgate such rules. Id., at 5, ¶ 15.  In addition, he makes many similarly frivolous claims such as claims that the Board and DOC require Plaintiff and others to undergo programming that in Plaintiff's words don't work.

None of the claims in the first set of claims states a claim upon which relief can be granted and/or the claims are frivolous.

The Pennsylvania State Constitution of 1968 is valid and not void as Plaintiff contends and the criminal laws enacted thereunder likewise are valid.  Shaw v. Wynder, NO. CIV.A. 08-1863, 2008 WL 3887642 (E.D.Pa., Aug. 21, 2008); Craig v. Rozum, NO. CIV.A. 07-5490, 2008 WL 920346 (E.D.Pa., April 2, 2008).

Similarly without merit is Plaintiff's separation of powers claim about the promulgation of criminal rules by the State Supreme Court.  The federal Constitution's separation of powers principles applies solely to separate the powers of federal organs of government and does not compel a similar separation of powers between a State's organs of government.  Sweezy v. New Hampshire, 354 U.S. 234, 255 (1957)("Moreover, this Court has held that the concept of

9

separation of powers embodied in the United States Constitution is not mandatory in state

governments."); Pittman v. Chicago Bd. of Educ., 64 F.3d 1098, 1102 (7th Cir. 1995) ("the

federal Constitution does not prescribe any particular separation of powers, or other internal

structure, of state government."), cert. denied, 517 U.S. 1243 (1996); Ragsdale v. Turnock, 941

F.2d 501, 510 (7th Cir. 1991)("separation [of power within the state government] is not a proper

matter of federal judicial concern."), cert. denied sub nom. Murphy v. Ragsdale, 502 U.S. 1035

(1992); Shelton v. City Of College Station, 780 F.2d 475, 482 n.2 (5th Cir. 1986)("The guarantee

of a republican form of government by the federal constitution does not impose the doctrine of

separation of powers upon the states, so that without the adoption of the rule by a state itself there

is no requirement of separation of powers in state government."), cert. denied, 477 U.S. 905

(1986); Gray v. California, 182 F.3d 925 (Table), 1999 WL 311394, at *1 (9th Cir. 1999)

("Because the separation of powers doctrine does not apply to state governments, Gray's claim

fails."), cert. denied, 528 U.S. 936 (1999).  Thus, Plaintiff's claimed violation of the federal

Constitution's principle of separation of powers must be dismissed with prejudice.

Plaintiff's claim that the Board and DOC make him undergo programming that does not

work is also without merit.  We find nothing in the United States Constitution that requires the

Defendants to permit Plaintiff to be idle while incarcerated.  There is no constitutional

prohibition on requiring Plaintiff to undergoing programming even if the programming, in

Plaintiff's opinion or otherwise, is not effective.  See, e.g., Burgess v. Bennett, 17 Fed.Appx.

682, 683 (9th Cir. 2001)("A prisoner has no constitutional right to a particular custody

classification, or to **participate or refrain** from participation in rehabilitative programs. See,

e.g., Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (rejecting

claim that 'prisoner classification and eligibility for rehabilitative programs' invoked due process protections.")(emphasis added);  Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992)("[p]risoners have no constitutional right to educational or vocational opportunities during incarceration.").  If prisoners have no constitutional right to participate in programming, *a fortiori*, they have no constitutional right to effective programming.  Hence, this claim fails to state a claim and/or is frivolous.

Similarly, Plaintiff's claim against the Defendants that they are frustrating the sentencing Court's' intentions by not releasing Plaintiff at the expiration of his minimum sentence is frivolous and/or fails to state a claim upon which relief can be granted.  See Folk v. Atty. Gen. of Commonwealth of Pa., 425 F.Supp.2d 663, 676 (W.D.Pa. 2006) ("it is well established that the maximum sentence in Pennsylvania is the true sentence and the minimum sentence is only the earliest time at which a convict may be considered for parole.  See, e.g., Bonilla v. Vaughn, No. Civ. A. 97-7440, 1998 WL 480833 at * 7 (E.D.Pa.1998) ('[U]nder Pennsylvania law, the sentence imposed for a criminal offense is the maximum term.')(quoting Krantz v. Pa. Bd. of Probation and Parole, 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1047 (1984)). The minimum sentence is merely a calculation of the earliest time when the inmate can become eligible for parole consideration. Bonilla, 1998 WL 480833 at *7 ('The minimum term merely sets the date prior to which a prisoner may not be paroled.')").

Accordingly, we find that paragraphs 14 to 16, and 18 to 19, and 23 to 26, should be struck for failing to state a claim and/or for being frivolous.

As for paragraphs 44 to 49, Plaintiff is making a claim that the Defendants wrongly denied him parole based upon their incorrect assessment of him.  We find that this claim

necessarily calls into question the validity of his ongoing confinement and is barred by <u>Heck v.</u>
<u>Humphrey</u> and its progeny.  <u>See</u>, <u>e.g.</u>, <u>Hilliard v. Reilly</u>, Civ. A. No. 09-4282, 2009 WL
3151324, at *5 (D.N.J., Sept. 24, 2009)("Plaintiff seeks damages for his incarceration as a result
of the allegedly unconstitutional denial of parole for six years. . . . . If Plaintiff's parole was
illegally denied, then success on Plaintiff's *Bivens* action would necessarily demonstrate the
invalidity of the Parole Board's decision to deny parole, as well as the ruling of Judge Carnes in
Plaintiff's § 2241 petition upholding that denial of parole."  The Court found such a claim to be
<u>Heck</u> barred.);   <u>Early v. Ludwig</u>, NO. CIV.A. 08-1663, 2009 WL 763592, at *5 (W.D.Pa.,
March 23, 2009)("Such claims as wrongful revocation of parole, necessarily call into question
Plaintiff's sentence and hence are barred under <u>Heck</u>. <u>Williams v. Consovoy</u>, 453 F.3d 173, 177
(3d Cir. 2006)('Thus, the threshold question becomes whether Williams's success on his § 1983
action would 'necessarily demonstrate' the invalidity of the Parole Board's decision to revoke his
parole, which would in turn render his § 1983 action uncognizable under <u>Heck</u>.')").
Accordingly, Paragraphs 44 to 49 should be struck as failing to state a claim and/or as frivolous.

Plaintiff has attempted to sue all attorneys working for all City, County, State and/or
Federal Government offices located within Pennsylvania.  Although stated broadly, Plaintiff
apparently means thereby to sue any attorney who comes forth to represent the parties herein.
Dkt. [12] at 6, ¶ 22(B).  Plaintiff's putative claim against these attorneys is that by representing
more than one defendant in this suit, they are engaged in a conflict of interest and violating the
ethical rules.  <u>Id</u>.  To the extent that Plaintiff's claim really is that potential attorneys for the
defendants pose a conflict of interest based upon representing parties that have potential conflicts
of interest, we find Plaintiff has no standing to raise such, as he is not a client of those yet-to-

12

appear attorneys.  See, e.g., Frey v. Prior, 948 F.2d 1288 (Table), 1991 WL 253557 at *1 (6th Cir.

1991)("Frey's complaint fails to state a claim upon which relief can be granted. Frey lacks

standing to assert a claim of conflict of interest against either Mooney or BFCA because no

attorney client relationship existed between Frey and Mooney or BFCA.");  Colyer v. Smith, 50

F.Supp.2d 966, 969 (C.D.Cal.1999)("The majority view is that only a current or former client of

an attorney has standing to complain of that attorney's representation of interests adverse to that

current or former client.").  Hence, the Jane and John Doe Attorney Defendants should be

terminated as party defendants if the District Judge adopts the Report.

Plaintiff also named as party defendants Tom Corbett, the Attorney General of the

Commonwealth of Pennsylvania, and Jeffrey Beard, the Secretary of DOC.  Dkt. [12] at 5, ¶ 20

& id., at 6, ¶ 22(A).  However, the allegations of the complaint made against these two

defendants demonstrate that Plaintiff seeks to sue these defendants under a theory of respondeat

superior.  See id.

In order to establish a Section 1983 cause of action, a plaintiff must sufficiently allege:

(1) that there was a person acting under color of state law; (2) whose actions under color of state

law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or

laws of the United States.  West v. Atkins, 487 U.S. 42 (1988).  In addition, a plaintiff must

sufficiently allege that the named defendants' were personally involved in the purported

violations of his federal rights because liability under the civil rights statute cannot be predicated

solely on the theory of respondeat superior, i.e., a person will be not held liable solely because he

is the supervisor of another that engaged in unconstitutional activity.  See, e.g., McClelland v.

Facteau, 610 F.2d 693, 695 (10th Cir. 1979) ("Respondeat superior is a doctrine of vicarious

13

liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way."); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

The Court finds that the complaint merely attempts to allege liability against Attorney General Tom Corbett and Secretary Jeffrey Beard upon a theory of respondeat superior, which is not a permissible basis for Section 1983 liability.  Hence, Attorney General Tom Corbett and Secretary Jeffrey Beard should be dismissed party defendants in this case if the District Judge adopts the Report.

Accordingly, for all of the foregoing reasons, the complaint should be dismissed in part as to the foregoing claims and Defendants.

III.     Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 26 October, 2009

14

cc:    The Honorable Donetta W. Ambrose
        United States District Judge

        Jay V. Yunik
        EK-5560
        SCI Fayette
        Box 9999
        La Belle, PA 15450-0999