IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK,<br>                  Plaintiff<br><br>vs.<br><br>CATHERINE C. McVEY, Chairperson - Pennsylvania Board of Probation and Parole; MICHAEL L. GREEN, Member - Pennsylvania Board of Probation and Parole; JEFFREY R. IMBODEN, Member - Pennsylvania Board of Probation and Parole; MATTHEW T. MANGINO, Member - Pennsylvania Board of Probation and Parole; BENJAMIN A. MARTINEZ, Member - Pennsylvania Board of Probation and Parole; GERALD N. MASSARO, Member - Pennsylvania Board of Probation and Parole; MICHAEL M. WEBSTER, Member - Probation and Parole; LLOYD A. WHITE, Member - Pennsylvania Board of Probation and Parole; ALL JOHN DOE'S AND JANES DOE'S, Member- Pennsylvania Board of Probation and Parole; DR. JEFFREY A. BEARD, Secretary - Pennsylvania Department of Corrections; JOHN S. SHAFFER, Execute Deputy Secretary - Pennsylvania Department of Corrections; JUDITH VIGLIONE, Director - Bureau of Inmates Service - Pennsylvania Department of Corrections; MS. SNYDER, Parole Agent - S.C.I. Mercer; MICHAEL W. HARLOW, Superintendent, S.C.I. Mercer; FRED J. RUFFO, Official S.C.I. Mercer; MR. MAHLMEMISTER, Deputy Superintendent S.C.I. Mercer; MS. BAKER, Officer - S.C.I. Mercer; WILLIAM (BILL) WOODS, Unit Manager - S.C.I. Mercer; MRS. KING - Unit Manager - S.C.I. Mercer; LT. COON, S.C.I. Mercer; | Civil Action No. 08-1706<br>Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds Hay |

JODI STEVENS, Counselor, S.C.I. Mercer; )
LT. WILLIAMSON, S.C.I. Mercer; MR.        )
CHAMBERLAIN, Parole Agent, S.C.I.         )
Mercer; THOMAS W. CORBETT, JR.,           )
Attorney General of Pennsylvania; ALL     )
JOHN DOE'S AND JANE DOE'S Deputy          )
Attorney General of Pennsylvania; ALL     )
ATTORNEY'S WORKING FOR ANY                )
AND ALL CITY, COUNTY'S OR STATE           )
OF PENNSYLVANIA; ALL FEDERAL              )
ATTORNEY'S WORKING FOR ANY                )
AND ALL FEDERAL GOVERNMENT'S              )
OF THE STATE OF PENNSYLVANIA,             )
                        Defendants    )

## MEMORANDUM ORDER

The above-captioned pro se civil rights action was received by the Clerk of Court and was referred to then United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in-force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in force Local Civil Rules 72.C and D.

The now Chief Magistrate Judge's Report, Dkt. [32], filed on October 26, 2009, recommended that prior to service, the civil rights complaint be dismissed in part for failure to state a claim upon which relief can be granted pursuant to the PLRA screening provisions. Service was made on the Plaintiff, who filed objections. Dkt. [33].

None of the objections merits rejection of the Report nor extended comment. We make only three observations. First, the Report's noting of Plaintiff's convictions was simply background factual information, explaining why Plaintiff was currently incarcerated as a prisoner, who was filing this prisoner civil rights action, as well as providing context to understand

Plaintiff's one issue of challenging the Parole Board's consideration of whether Plaintiff has participated in and completed rehabilitative programming when the Board makes its determination to grant or deny parole to Plaintiff and hence was definitely relevant. See Dkt. [33] at 1, ¶ 1 (complaining that recounting of Plaintiff's convictions was "highly prejudicial").

Second, we note that the complaint attached as Exhibit A to the objections, which apparently purports to be the amended complaint filed in this court on April 8, 2009, differs slightly from the amended complaint filed on April 8, 2009. At page 12 of the amended complaint, the date is given as "April 1, 2009." Dkt. [12] at 12. At page 12 of Exhibit A, the date is given as "4/1/09." Dkt. [32-2] at 12.

Third and finally, there is nothing unconstitutional in the Board's consideration of whether Plaintiff both participated in and successfully completed rehabilitative programming[1] while the prisoner was incarcerated, in making the Board's determination of whether to grant or deny parole. See, e.g., Brown v. Mahoney, __ Fed.Appx. __, 2009 WL 2178893 (9th Cir. 2009) (requirement that prisoner complete sex offender treatment to become eligible for parole did not violate his constitutional rights).

Any objection not specifically addressed herein is deemed to have been adequately addressed in the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

---

[1] This statement requires one qualification though. It could potentially be a violation of equal protection if, as Plaintiff complains, the Board requires of African-American inmates mere participation in rehabilitative programming whereas the Board requires white inmates to not only participate but to successfully complete such programming in order to be granted parole. Dkt. [33] at 3, ¶ 12.

AND NOW, this 17th day of Nov., 2009;

**IT IS HEREBY ORDERED** that the Amended Complaint is dismissed in part for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [32], filed on October 26, 2009 by Chief Magistrate Judge Hay, is adopted as the opinion of the court, as supplemented by this Memorandum Order.

Hence, only the following claims remain: (1) Plaintiff's claims for violation of his equal protection rights (Doc. 12 at Paragraphs 50-65) and (2) Plaintiff's claims for retaliation (Doc. 12 at Paragraphs 27-43 and 66-70).

_____
Donetta W. Ambrose
United States District Judge

cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

Jay V. Yunik
EK-5560
SCI Fayette
Box 9999
La Belle, PA 15450-0999