IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK,<br>　　　　　　Plaintiff<br><br>vs.<br><br>CATHERINE C. McVEY,<br>Chairperson - Pennsylvania Board of<br>Probation and Parole; MICHAEL L.<br>GREEN, Member - Pennsylvania Board of<br>Probation and Parole; JEFFREY R.<br>IMBODEN, Member - Pennsylvania Board<br>of Probation and Parole; MATTHEW T.<br>MANGINO, Member - Pennsylvania Board<br>of Probation and Parole; BENJAMIN A.<br>MARTINEZ, Member - Pennsylvania<br>Board of Probation and Parole; GERALD<br>N. MASSARO, Member - Pennsylvania<br>Board of Probation and Parole; MICHAEL<br>M. WEBSTER, Member - Probation and<br>Parole; LLOYD A. WHITE, Member -<br>Pennsylvania Board of Probation and<br>Parole; ALL JOHN DOE'S AND JANES<br>DOE'S, Member- Pennsylvania Board of<br>Probation and Parole; DR. JEFFREY A.<br>BEARD, Secretary - Pennsylvania<br>Department of Corrections; JOHN S.<br>SHAFFER, Executive Deputy Secretary -<br>Pennsylvania Department of Corrections;<br>JUDITH VIGLIONE, Director - Bureau<br>of Inmates Service - Pennsylvania<br>Department of Corrections; MS. SNYDER,<br>Parole Agent - S.C.I. Mercer; MICHAEL<br>W. HARLOW, Superintendent, S.C.I.<br>Mercer; FRED J. RUFFO, Official S.C.I.<br>Mercer; MR. MAHLMEMISTER, Deputy<br>Superintendent S.C.I. Mercer; MS.<br>BAKER, Officer - S.C.I. Mercer;<br>WILLIAM (BILL) WOODS, Unit Manager -<br>S.C.I. Mercer; MRS. KING - Unit Manager -<br>S.C.I. Mercer; LT. COON, S.C.I. Mercer; | Civil Action No. 08-1706<br>Judge Donetta W. Ambrose/<br>Magistrate Judge Francis X. Caiazza |

JODI STEVENS, Counselor, S.C.I. Mercer; )
LT. WILLIAMSON, S.C.I. Mercer; MR. )
CHAMBERLAIN, Parole Agent, S.C.I. )
Mercer; THOMAS W. CORBETT, JR., )
Attorney General of Pennsylvania; ALL )
JOHN DOE'S AND JANE DOE'S Deputy )
Attorney General of Pennsylvania; ALL )
ATTORNEY'S WORKING FOR ANY )
AND ALL CITY, COUNTY'S OR STATE )
OF PENNSYLVANIA; ALL FEDERAL )
ATTORNEY'S WORKING FOR ANY )
AND ALL FEDERAL GOVERNMENT'S )
OF THE STATE OF PENNSYLVANIA, )
                    Defendants )    re: ECF No. 67

## MEMORANDUM OPINION AND ORDER

Jay V. Yunik ("Plaintiff") is a state prisoner who was charged with, inter alia, Indecent Assault on a Person under 13 years of age; Corruption of Minors, and Rape. In a guilty plea deal, Plaintiff pleaded guilty to one count of rape and was sentenced on June 6, 2000 to a sentence of 4 ½ year to 15 years. He has filed a civil rights action against several defendants complaining of his treatment by the Defendants. This case has been the subject of prior proceedings, including a Report and Recommendation, ECF No. 32, which was adopted as the opinion of the Court. ECF No. 34. Familiarity with those prior proceedings is presumed. As a consequence of those prior proceedings there remain only the following claims: 1) Plaintiff's claims for alleged violations of his equal protection rights, (ECF No. 12, ¶¶ 50-65) and 2) Plaintiff's claims for alleged retaliation (ECF No. 12 at ¶¶ 27-43 and 66-70). In addition, the Report recommended dismissal of Attorney General Corbett and Secretary Beard as party defendants because the complaint revealed liability against them premised solely upon respondeat superior, which is not a permissible basis for liability in suits brought under Section 1983 of the civil rights statute, such as this one. See ECF No. 32 at p. 8 (noting that

2

"Plaintiff is properly left only with 28 U.S.C. § 1983 at the jurisdictional basis for the current action."); ECF No. 32 at pp. 13 to 14 (finding Plaintiff's sole basis of liability for Defendants Corbett and Beard to be *respondeat superior*, and recommending dismissal of them as party defendants).

The remaining defendants have filed a motion to dismiss, ECF No. 67, and a brief in support, ECF No. 68. After being granted an extension of time in which to file a response, Plaintiff filed his response. ECF No. 72.

### A. Standard of Review under Fed.R.Civ.P. 12(b)(6).

The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Twombly standard that is meant to replace the Conley standard is couched in terms of "plausibility." See e.g., id. at 564 ("When we look for plausibility in this complaint, we agree with the District Court that plaintiffs' claim of conspiracy in restraint of trade comes up short."). However, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, the plausibility standard of Twombly applies even to pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 93-95 (2007)(applying Twombly standard in pro se case).

In reviewing complaints on a motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as

3

true any legal averments or legal conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(in ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . ."), *opinion amended on denial of rehearing by*, 275 F.3d 1187 (9th Cir. 2001); Commonwealth Edison Co. v. United States, 46 Fed. Cl. 158, 160 n.3 (Fed. Cl. 2000) ("Contrary to plaintiff's claim, it is well-established that a court need not accept as true allegations contained in a complaint that are contradicted by matters on which the court may take judicial notice"), aff'd, 271 F.3d 1327 (Fed.Cir. 2001).

In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

### B. Discussion

Initially, the Defendants move to dismiss all claims against all moving defendants in their official capacities because such claims are barred. ECF No. 68 at 3 to 4. The Court agrees and all

4

claims against all defendants in their official capacities must be dismissed for failure to state a claim upon which relief can be granted. See Kentucky v. Graham, 473 U.S. at 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment).[1]

Next, the moving Defendants seek dismissal of Defendants Corbett and Beard based upon the complaint seeking to hold them liable only upon a theory of *respondeat superior*. ECF No. 68 at 4 to 6. However, given that the Court has already dismissed both Defendant Corbett and Beard, the motion to dismiss as to them will be denied as moot.[2]

Next, the moving Defendants seek to have dismissed the retaliation claims against Defendant King. ECF No. 68 at 8 to 9. In order to prevail on a retaliation claim, a plaintiff must establish: (1) that he engaged in constitutionally protected activity; (2) that he was subject to adverse actions by a state actor; and (3) the constitutionally protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997)(citing Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)). Furthermore, in order to demonstrate the second prong of adverse action, Plaintiff must allege an action sufficiently negative to "deter a prisoner of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

In his complaint, Plaintiff claimed that Defendant King retaliated against him on March 6,

---

[1] In his response, opposing application of Eleventh Amendment immunity, Plaintiff seems to confuse Eleventh Amendment immunity with qualified good faith immunity. See, e.g., ECF No. 72 at 2 to 3.

[2] That the Defendants moved to dismiss as to Beard and Corbett may well be explained by the fact that the docket does not show Defendants Corbett and Beard as having already been terminated.

2008 by informing him that Plaintiff's "Post Pre-Release Application" had been rejected.[3] Ms. King allegedly retaliated against Plaintiff for his filing of a grievance against the Board and the Department of Corrections, which Plaintiff placed in the grievance box on March 4, 2008. ECF No. 12 at 7, ¶¶ 27 to 28. The Defendants argue that Defendant King could not have been made aware of the grievance until after March 10, 2008, when it was recorded as being received by the Facility Grievance Coordinator, and so his writing of the grievance could not have been a cause of any action taken by Defendant King. ECF No. 68 at 9. However, in his response, Plaintiff claims that block officers snoop in the grievance mail boxes in order to alert their comrades of grievances against these comrades and that these block officers or mail room personnel made Defendant King immediately aware of the grievance. ECF No. 72 at 7, ¶ 19. We find this sufficient at this juncture to prevent the grant of the motion to dismiss. Plaintiff is cautioned that he will have to produce evidence at the summary judgment stage of Defendant King's alleged knowledge.

Next, Moving Defendants seek dismissal of Plaintiff's retaliation claim based upon Defendant King allegedly causing Plaintiff to be transferred from a two man cell to Unit B/B 1017, which is a dayroom dorm unit with 7 other prisoners which Plaintiff describes as a "known punishment room."

---

[3] We note that there is some ambiguity regarding this claim. The complaint could be read to mean that Defendant King retaliated against Plaintiff by simply calling him to a meeting to inform him that his Post Pre-release application had been rejected. If she merely was informing him of a decision made by others, then, it is doubtful that such an act could be considered retaliatory, as someone sometime would have had to inform him of such a decision. On the other hand, the complaint could be read to mean that Ms. King denied or caused to be denied his Post Pre-release application, which arguably could state a retaliation claim, unless, of course, the decision, denying Plaintiff's application, actually occurred prior to March 4, 2008, the date whereon Plaintiff filed the grievance that is allegedly the cause of the retaliatory acts by Defendant King. Given the generous reading provided to pro se complaints, we resolve the ambiguity in favor of Plaintiff at this stage of the proceedings, especially in light of Plaintiff's assertion in his response that Defendant King "personally denied plaintiff['s] pre-release application." ECF No. 72 at 4, ¶ 15.

ECF No. 72 at 4, ¶ 14. Defendants contend that such a transfer is an insufficiently adverse action so as to state a retaliation claim. At this juncture and on this state of the record, we cannot so conclude and so will deny Defendants' motion to dismiss this claim.

Next, Defendants move to dismiss Plaintiff's claims that Defendants Williamson and Coon threatened to transfer Plaintiff to a "bad prison across the State if Petitioner [sic] did not stop writing papers." ECF No. 12 at 7, ¶ 31. Moving Defendants point out that mere verbal threats are insufficient as a matter of law to constitute an adverse action. We agree. See, e.g., Burgos v. Canino, 358 F.App'x 302, 306 (3d Cir. 2009)("because threats alone do not constitute retaliation, the claim relating to the threat failed.") (citing Maclean v. Secor, 876 F.Supp. 695, 699 (E.D.Pa.1995)); Bartelli v. Lewis, NO. CIV.A. 3:CV-04-0908, 2005 WL 2406048, at *2 (M.D.Pa. Sept. 29, 2005)("we determine that verbal threats do not constitute an 'adverse action' and, therefore, do not fulfill a requisite element of a retaliation claim"). Accordingly, this claim is dismissed for failure to state a claim upon which relief can be granted and so paragraphs 30 and 32 are struck from the complaint.[4]

In addition, we find the following two claims by Plaintiff, sufficient to withstand the motion to dismiss: 1) Plaintiff's claim that he was given only 5 minutes in which to eat and 2) his claim that he was continued in the RHU by Defendant King notwithstanding the alleged fact that Plaintiff was ordered to be released from the RHU by the Program Review Committee. ECF No. 12 at 7, ¶ 31, and id., at 8, ¶ 41. Contrary to Defendants' arguments, made at ECF No. 68 at 11, we find these allegations sufficiently adverse so as to state a retaliation claim. See, e.g., Hannon v. Angelone, No.

---

[4] Dismissal is appropriate even if we consider Plaintiff's additional allegations of verbal threats, which he recounted in his response but which were not recounted in the operative complaint. ECF No. 72 at 5, ¶ 17.

7

Civ.A. 7:00-CV-00281, 2000 WL 34511175, at *2 (W.D.Va., June 26, 2000)("I find that the following of Hannon's claims must go forward: . . . being forced to eat meals in ten minutes or less . . . . I find that as Hannon's allegations concerning these conditions state possible claims under § 1983, these claims survive dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure").

In addition, we find that the complaint sufficiently alleges an equal protection violation based upon race, age discrimination and litigation activities. Plaintiff alleges that the Defendants parole and/or recommend for parole African Americans in disproportionately large numbers while denying the same to Caucasians, as well as denying parole and/or parole recommendations to older inmates and to inmates that litigate. This is sufficient at this stage. Accordingly, the Defendants' motion to dismiss the equal protection claims will be denied. ECF No. 12 at 9 ro 10, ¶¶ 50 to 54.

Plaintiff named as a Defendant in this civil rights suit, Matthew T. Mangino, whom Plaintiff alleged was a member of the Pennsylvania Board of Probation and Parole. Plaintiff alleged that Mangino routinely interviews prisoners at SCI-Mercer for parole eligibility, and that Mr. Mangino routinely violated Pennsylvania statutory law when he alone presided over hearings. Plaintiff further alleges that Mr. Mangino maintained a private practice as an attorney while he served as a member of the Parole Board in contravention of Pennsylvania law. Plaintiff also complains that Mr. Mangino is racist insofar as he requires African-Americans to only participate in sex offender treatment whereas with Caucasian prisoners, Mr. Mangino requires that the Caucasian inmates successfully complete sex offender treatment programs.

The Defendants point out that as a member of the Board, in deciding to grant or deny parole, Mr. Mangino is entitled to quasi judicial immunity. ECF No. 68 at 15 to 17. We agree. See, e.g., Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986)("No doubt can be entertained that probation

officers and Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties."); Milberry v. Brown, Civ.A. No. 05-1158, 2007 WL 433164, at *3 (W.D. Pa. Feb. 5, 2007)("The federal courts universally agree that parole board members enjoy absolute immunity from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole."). Plaintiff alleges nothing against Mr. Mangino to take his complaint outside of this rule and in fact, the complaint reveals an attempt to make Mr. Mangino liable for his actions as an adjudicator, as, for example, Plaintiff's claim that Mr. Mangino "preside[s] over Parole Hearings without the presents [sic] of a hearing examiner or other Board Members[,]" ECF No. 12 at 10, ¶ 57, or again, where Plaintiff alleges that in order for Mr. Mangino to vote to grant parole, Mangino requires completion of sex offender treatment for white inmates but only participation in sex offender treatment for black inmates. Such alleged actions are clearly within the meaning of "adjudicatory acts" such that Mr. Mangino is entitled to absolute quasi-judicial immunity. See, e.g., Harper v. Jeffries, 808 F.2d at 284 (Parole Board Member "Riggs' sole role in the incarceration of the appellant was that he served as the hearing examiner at the appellant's detention proceeding. As such, Riggs was merely charged with the responsibilities of hearing the evidence against the appellant and making a recommendation to the Parole Board. The execution of these duties is plainly an adjudicatory function; therefore, under the holding in *Thompson*, Riggs should be considered immune from a § 1983 suit for damages.").[5]

To the extent that Plaintiff seeks to sue Mr. Mangino for violations of state laws and rules, we find that such fails to state a claim under Section 1983 because in order to state a claim under

---

[5] Again, Plaintiff appears to confuse the doctrine of qualified immunity with another type of immunity, i.e., absolute quasi-judicial immunity. See ECF No. 72 at 11 to 12, ¶ 32 (arguing that the qualified immunity requirements have not been met herein).

Section 1983, the Plaintiff must allege a violation of his federal rights and not merely a violation of state law. See, e.g., Brown v. Williams, 124 F.App'x 907, 909 (5th Cir. 2005)("a mere violation of state law does not state a constitutional claim under 42 U.S.C. § 1983"); Berlanti v. Bodman, 780 F.2d 296, 301 (3d Cir. 1985)("Defendants correctly state that to the extent the complaint alleges that defendants' conduct merely violated state law, it fails to state a claim under 42 U.S.C. § 1983. That statute remedies deprivations of rights secured by the Constitution or laws of the United States.").

Plaintiff alleges nothing that would take his case outside this rule. Hence, all claims against Defendant Mangino must be dismissed and, consequently, Defendant Mangino will be dismissed as a party defendant. Hence, paragraphs 55 to 65 are struck from the complaint for failure to state a claim.

Accordingly, the Defendants' motion to dismiss is GRANTED in part and DENIED in part. It is DENIED as to Plaintiff's Equal Protection claims and retaliation claims, and it is denied as moot with respect to Defendants Corbett and Beard. It is GRANTED in all other respects. Furthermore, the Clerk is the terminate the following as party defendants: Jeffrey Beard, Tom Corbett and Matthew Mangino.

*Donetta W. Ambrose*
Donetta W. Ambrose
U.S. District Judge

Dated:

cc:   The Honorable Francis X. Caiazza
      Recalled United States Magistrate Judge

      Jay V. Yunik
      EK-5560
      SCI Fayette

10

Box 9999
La Belle, PA 15450-0999

All counsel of record via CM-ECF