IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK,<br>        Plaintiff,<br><br>vs.<br><br>CATHERINE C. McVEY,<br>Chairperson - Pennsylvania Board of<br>Probation and Parole; et al.,<br>        Defendants. | Civil Action No. 08-1706<br>Judge Donetta W. Ambrose/<br>Magistrate Judge Francis X. Caiazza<br><br><br><br>RE: Doc. 126 |

## MEMORANDUM ORDER

CAIAZZA, Magistrate Judge

Presently before the Court is Plaintiff's motion [ECF No. 126] in which he seeks the recusal of the undersigned pursuant to 28 U.S.C. § 455.

Under 28 U.S.C. § 455, a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b) (1). The test for recusal under § 455(a) is an objective and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994). See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for

1

recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). See Waris v. Heartland Home Healthcare Services, Inc., 365 Fed. Appx. 402, 406-07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 462-464 (M.D. Pa. 2007), citing In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), overruled on other grounds by Smith v. Berg, 247 F.3d 532, 534 (3d Cir. 2001). See Lease v. Fishel, 712 F. Supp. 2d 359, 373-74 (M.D. Pa. 2010).

Here, to support his contention that the undersigned has demonstrated a personal bias against him and partiality toward the Defendants, Plaintiff points to the fact that: 1) the case management order dated December 8, 2010, was mailed to someone else and he received another prisoner's order; 2) his requests for the appointment of counsel have been repeatedly denied; and 3) the undersigned has denied his motions to compel discovery in favor of Defendants.

Notwithstanding that the undersigned did not personally mail the incorrect case management order to Plaintiff, the fact that Plaintiff was inadvertently sent an order issued in another case hardly evidences bias or partiality. Indeed, Plaintiff filed a motion bringing the error to the Court's attention on January 31, 2011, and a copy of the correct order was sent to him the next day. See ECF Nos. 102, 103.

Plaintiff's remaining complaints amount to nothing more than his displeasure with the Court's rulings which does not warrant recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d at 278. Moreover, the three motions filed by Plaintiff requesting counsel that were ruled on by the undersigned were denied without prejudice to refiling after dispositive

motions were resolved.  See ECF Nos. 79, 80, 90, 91, 112, 188.  Plaintiff's insistence on repeatedly requesting the appointment of counsel *before* the resolution of dispositive motions does not render the Court's denial of those requests biased but simply demonstrates its consistency.

Further, Plaintiff's belief that Defendants' discovery responses are inadequate does not evidence either an abuse of the undersigned's discretion or partiality.   Indeed, Plaintiff has not pointed to any evidence that would lead a reasonable person with knowledge of all the facts to conclude that the undersigned would act in a partial manner or that would lead one to conclude that there exists personal bias or prejudice.   To the contrary, Plaintiff's request for recusal appears to be an attempt to circumvent what he perceives to be adverse judicial rulings.

Accordingly, Plaintiff's Motion to Recuse Magistrate Caiazza [ECF No. 126], is DENIED.

*/s/* Francis X. Caiazza
United States Magistrate Judge

Dated: 29 March, 2011

cc: Jay V. Yunik
EK-5560
SCI Fayette
Box 9999
La Belle, PA 15450

All counsel of record by notice of electronic filing.

3