IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK,<br>　　　　　Plaintiff<br><br>vs.<br><br>CATHERINE C. McVEY,<br>Chairperson - Pennsylvania Board of<br>Probation and Parole; *ET AL.*,<br>　　　　　Defendants | Civil Action No. 08-1706<br>District Judge Donetta W. Ambrose<br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

Plaintiff, Jay V. Yunik, is a state prisoner currently incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. This case was filed in 2008 and has been the subject of prior proceedings. As a consequence of those prior proceedings, only the following claims remain.

1. Defendant King retaliated against Plaintiff on March 6, 2008 by causing his "Post Pre-Release Application" to be rejected. ECF No. 12 at 7, ¶¶ 27 to 28.

2. Defendant King retaliated against him by transferring him from a two man cell to Unit B/B 1017, which is a dayroom dorm unit with 7 other prisoners which Plaintiff describes as a "known punishment room." ECF No. 12 at 7, ¶ 29.

3. Sgt. Ediderg, Sgt. Bagley and Lt. Williamson retaliated against Plaintiff by giving him only five minutes in which to eat his meal. ECF No. 12 at 7, ¶ 31.

4. Defendant King retaliated against him by keeping him in the RHU after Plaintiff was ordered to be released from the RHU by the Program Review Committee. ECF No. 12 at 7, ¶ 33.

5. Plaintiff's equal protection claim alleging that Defendants parole and/or recommend for parole African Americans in disproportionately large numbers while denying the same to Caucasians, as well as denying parole and/or parole recommendations to older inmates and

1

to inmates that litigate. ECF No. 12 at 9-10, ¶¶ 50 to 54.

On December 9, 2010, the Court issued a Case Management Order (ECF No. 89) directing that discovery on the remaining claims be completed by February 24, 2011 and that summary judgment motions be filed by April 24, 2011. On March 9, 2011, the Court granted Plaintiff's Motion for Extension and ordered that discovery was due by March 24, 2011 and summary judgment motions were due by May 24, 2011 (ECF No. 119). On March 23, 2011, the Court granted Defendants' Motion for Extension and ordered that discovery was due by April 23, 2011 and summary judgment motions were due by June 22, 2011 (ECF No. 128). On April 5, 2011, the Court granted Defendants' Motion to Take Deposition of Plaintiff and ordered that the deposition take place on or before April 25, 2011 (ECF No. 138).

On April 18, 2011, Plaintiff filed a Motion to Dismiss the case without prejudice so that he could obtain counsel (ECF No. 145). On April 19, 2011, Chief Judge Ambrose granted Plaintiff's Motion and the case was closed (ECF No. 147).

On February 19, 2013, Plaintiff filed a Motion to Reopen this action (ECF No. 149) and the case was reassigned to me.

AND NOW, this 12th day of March, 2013;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen this action (ECF No. 149) is **GRANTED and the Clerk of Court is directed to reopen this case**.

**IT IS FURTHER ORDERED** that Defendants notify the Court on or before March 15, 2013 whether they intend to take Plaintiff's deposition.

**IT IS FURTHER ORDERED** that, on or before April 12, 2013, Defendants file a Motion for Summary Judgment in accordance with our Local Rules that addresses, *inter alia*, the issue of exhaustion of Plaintiff's claims, including an appendix containing copies of all relevant grievances

and appeals therefrom, and any other relevant records concerning the alleged incident or incidents.

**IT IS FURTHER ORDERED** that Plaintiff shall be allowed until May 10, 2013, to respond to Defendants' Motions for Summary Judgment.   Such responses must comply with the Local Rules for the Western District of Pennsylvania, as detailed below.   Defendants may file a Reply on or before May 31, 2013 if they so desire.

**IT IS FURTHER ORDERED** that Plaintiff is advised that his response to the motion may include opposing or counter-affidavits (executed by the plaintiff or other persons) which have either been sworn to under oath (notarized) or include at the end of the document, immediately before the plaintiff's signature, the following in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct.   Executed this day of         , 2013 .

**IT IS FURTHER ORDERED** that all affidavits, opposing or counter-affidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that plaintiffs may attach to their affidavits copies of any depositions, answers to interrogatories, institutional records or other documents they wish this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against them.

**IT IS FURTHER ORDERED** that plaintiff shall serve on counsel for Defendant a copy of each pleading or other document submitted for consideration by the court and shall include

with each document filed a certificate stating the date a true and correct copy of the pleading or document was mailed to each attorney. Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service shall be returned to the plaintiffs by the Clerk.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with Local Rule 56.C by filing his brief in response, concise counter statement of facts and any appendix, as described below:

> **C. Opposition Requirements.** Within 30 days of service of the motion for summary judgment, the opposing party shall file:
>
> 1. **A Responsive Concise Statement**: A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
>
>> (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>>
>> (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1[1] for instructions regarding format and annotation); and
>>
>> (c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment;
>
> 2. **Memorandum in Opposition**: The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law; and

---

1. The pertinent portion of LCVR 56.B.1 reads: "A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."

4

3. **Appendix**: Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCVR 56.B.3[2] for instructions regarding the appendix).

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, **which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party**. *See* Enigh v. Miller, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases).

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the motion will be decided without the benefit of Plaintiff's response and the Court will consider dismissal of this action for failure to prosecute. **NO EXTENSIONS WILL BE GRANTED WITHOUT GOOD CAUSE.**

/s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Jay V. Yunik
EK 5560
SCI Fayette
Box 9999
La Belle, PA 15450-0999

---

2. LCVR 56.B.3 reads as follows:

3. Appendix. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.