IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK,<br>            Plaintiff<br><br>vs.<br><br>CATHERINE C. McVEY,<br>Chairperson - Pennsylvania Board of<br>Probation and Parole; *ET AL.*,<br>            Defendants | Civil Action No. 2: 08-cv-1706<br>Senior District Judge Donetta W. Ambrose<br>Magistrate Judge Cynthia Reed Eddy |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Notice of Appeal of the Magistrate Judge's Order [ECF No. 164]. By Memorandum Order of April 12, 2013, the Magistrate Judge vacated an earlier decision which had granted Plaintiff's Motion to Reopen the case (ECF No. 159). For the reasons that follow, after a *de novo* review, the Court accepts and adopts the Magistrate Judge's Order of April 12, 2013. Therefore, Plaintiff's Notice of Appeal is dismissed and this case shall remain closed until Plaintiff retains counsel.

### Background

The extensive background of this case is well known to the parties. Distilled to its essence, in his Amended Complaint, filed on April 8, 2009, Plaintiff, Jay V. Yunik, an inmate at the State Correction Institution at Fayette, named eleven (11) individual defendants, all of whom are employed either by the Pennsylvania Board of Probation and Parole ("the Board") or the Pennsylvania Department of Corrections ("DOC"). In addition, Plaintiff named several groups of John and Jane Doe Defendants, including "ALL ATTORNEYS WORKING FOR ANY & ALL CITY, COUNTIES, OR STATE OF PENNSYLVANIA" and "ALL FEDERAL ATTORNEYS WORKING FOR ANY & ALL FEDERAL GOVERNMENTS OF THE STATE

OF PENNSYLVANIA." (ECF No. 12). Plaintiff's Amended Complaint was not a model of clarity, but the Magistrate Judge[1] concluded that Plaintiff had three sets of complaints: First, that the Board and DOC require him to undergo various treatment programs so that the DOC can determine whether to recommend him for parole or not and that the Board considers Plaintiff's participation in this programming in order to determine his suitability for parole. Second, the Board engages in reverse discrimination, routinely granting African American prisoners parole while routinely denying white prisoners parole. Plaintiff also alleges age discrimination, claiming that older prisoners are not paroled as frequently as younger prisoners. Third, that some of the Defendants are engaging in retaliation against Plaintiff. (ECF No. 15).

Pursuant to the PLRA screening provisions, on November 9, 2009, the Court ordered that the Amended Complaint be dismissed in part for failure to state a claim upon which relief could be granted. The Court ordered that only the following claims remain: (1) Plaintiff's claims for violation of his equal protection rights and (2) Plaintiff's claims for retaliation. (ECF No. 34.)

On April 18, 2011, following what best can be described as "more than two years of torturous litigation" (ECF No. 159), Plaintiff filed a Motion / "Notice of Dismissal of Actions" (sic) in which he requested that his case be dismissed "without prejudice until such time that Appellant acquires counsel." (ECF No. 145.) Said Motion was granted by the District Court and the case was closed on April 19, 2011 (ECF No. 147).

Almost two (2) years later, on February 9, 2013, Plaintiff filed a Motion to Reopen Civil Suit (ECF No. 149). The grounds set forth in support of this Motion failed to indicate that Plaintiff had retained counsel - the only basis available under the Order of April 19, 2011, for

---

[1] This case was originally assigned to Magistrate Judge Amy Reynolds Hay. On February 6, 2009, Plaintiff elected to have the case randomly assigned to a United States District Judge (ECF No. 6). Thereafter, on November 12, 2009, the case was randomly assigned to the undersigned and referred to Magistrate Judge Amy Reynolds Hay for all pre-trial matters.

2

reopening the case. On March 12, 2013, the Magistrate Judge granted the Motion to Reopen (ECF No. 150), failing to appreciate the import of the fact that Plaintiff had not obtained or described any effort to obtain counsel. Upon reflection and more closely examining the docket memorializing prior proceedings in this case, the Magistrate Judge concluded that the Motion to Reopen had been improvidently granted. Accordingly, by Memorandum Order of April 12, 2013, the Magistrate Judge vacated its Order of March 12, 2013, denied the Motion to Reopen, and ordered that the Clerk of Courts mark the case closed. (ECF No. 159). All parties were advised that they could appeal the Order entered by the Magistrate Judge to the District Court within fourteen (14) days from the date of the Order. (*Id.*)

Plaintiff did not file an appeal to the District Court, but rather on April 29, 2013, he filed in this Court a Notice of Appeal, which stated as follows:

> Now comes, Jay V. Yunik, Plaintiff, pro se, in forma pauperis, in opposition to Magistrates Order dated April 12, 2013, issued by Magistrate judge Cynthia Eddy, and appeals to the United States Court of Appeals, third district Pennsylvania.

Notice of Appeal (ECF No. 160). The civil case was docketed by the Office of the Clerk, Third Circuit Court of Appeals, on May 1, 2013 at USCA Case Number 13-2246. By Order of June 18, 2013, the appellate court dismissed the appeal for failure to timely prosecute insofar as Plaintiff failed to pay the requisite fee as directed. (ECF No. 163).

Unbeknownst to the Court, on April 29, 2013, Plaintiff also filed directly with the United States Court of Appeals for the Third Circuit a "Petition for Permission for Leave to File Interlocutory Appeal," which also challenged the Magistrate Judge's Memorandum Order of April 12, 2013. The Petition was docketed at USCA Case Number 13-0847. On June 28, 2013, the appellate court dismissed Plaintiff's petition for permission to appeal for lack of jurisdiction. The Petition was thereafter forwarded by the Court of Appeals to this Court with the suggestion

3

that the document be construed as a notice of appeal of the Magistrate Judge's Memorandum Order to the District Court Judge. Accordingly, the Petition was filed in this Court on June 28, 2013 at ECF No. 164.

## Discussion

A. <u>Was The Motion to Reopen Civil Suit a Dispositive or Non-Dispositive Motion</u>

Preliminarily, the Court must determine whether Plaintiff's Motion to Reopen Civil Suit is a dispositive or non-dispositive motion. The jurisdiction and powers of magistrate judges are governed by 28 U.S.C. § 636, and limited by the Constitution. U.S. Const. art. III, § 1. 28 U.S.C. § 636(b) establishes that magistrate judges may hear and determine any pretrial matters pending before the court, save for eight excepted, dispositive motions. Magistrate judges may issue orders as to non-dispositive pretrial matters. District courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrate judges may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations, as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B) & (C).

The District Court granted Plaintiff's Motion to Dismiss without prejudice until such time as the Plaintiff obtained counsel. (ECF No. 147). Accordingly, it appears that the Plaintiff's Motion to Reopen Suit is a dispositive motion and the Magistrate Judge's Order of April 12, 2013, will be construed as a Report and Recommendation. Likewise, Plaintiff's notice of appeal of the Magistrate Judge's Order of April 12, 2013, to the District Court Judge (ECF No. 164) will be construed as objections to the Report and Recommendation.

B. Standard of Review

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*; 28 U.S.C. § 636(b)(1).

C. The Magistrate Judge Was Correct in Denying Plaintiff's Motion to Reopen

After careful and independent review of the Plaintiff's notice of appeal of the Magistrate Judge's Order of April 12, 2013, to the District Court Judge, and after *de novo* review of the pleadings and documents in this case, together with the Magistrate Judge's Memorandum Order of April 12, 2013, this Court will adopt the Memorandum Order as the Opinion of the District Court.

Plaintiff was very clear in his Notice / Motion of Dismissal of Actions that he sought dismissal "in order to obtain counsel . . . . [He] expect[ed] to be released soon and could then soon thereafter hire counsel with the aid of a computer and phone book." Mot. at 2 (ECF No. 145). It is not disputed that Plaintiff's Motion / Petition to Reopen Civil Suit (ECF No. 149) failed to indicate that Plaintiff had retained counsel. In fact, in his Notice of Appeal, Plaintiff states that it "is immaterial / irrelevant" that he had not retained counsel. Nothing could be further from the truth. The only basis available under the District Court Order for reopening the case was if Plaintiff retained counsel.

5

Moreover, in his Notice of Appeal, Plaintiff offers a new and completely different explanation for why he requested that his case be dismissed. Now, Plaintiff states that "being frustrated by Caiazza's[2] hostile behavior, [he] decided to file a 'motion to dismiss' action without prejudice, until Mr. Caiazza was replaced with a permanent magistrate." Petition at ¶ 7. If, as Plaintiff claims, his Motion to Reopen was premised on a notion of judge shopping, such a claim is plainly inadequate as a ground for reopening his case, and his request to reopen must be rejected by this Court.

In conclusion, the Court finds that the Magistrate Judge properly examined all issues of fact and law relevant to the disposition of the Motion to Reopen. Accordingly, the Court agrees in all respects with the Memorandum Order issued by the Magistrate Judge on April 12, 2013.

## Conclusion

For the foregoing reasons, after a *de novo* review, the Court accepts and adopts the Magistrate Judge's Order of April 12, 2013. Therefore, Plaintiff's Notice of Appeal is dismissed and this case shall remain closed until Plaintiff retains counsel.

So **ORDERED** this 17th day of July, 2013.

Donetta W. Ambrose
Senior U.S. District Court Judge

---

[2] On June 1, 1994, Francis X. Caiazza was appointed as a Magistrate Judge to the United States District Court for the Western District of Pennsylvania, where he served until his retirement in July of 2008. In November 2010, this case was reassigned from Magistrate Judge Amy Reynolds Hay to Magistrate Judge Caiazza, who had returned to the bench on a recall basis. On February 28, 2013, the case was referred from Magistrate Judge Caiazza to Magistrate Judge Cynthia Reed Eddy.

6

cc: Jay V. Yunik
EK 5560
SCI Fayette
Box 9999
La Belle, PA 1540-0999

Scott A. Bradley
Office of the Attorney General
Email: sbradley@attorneygeneral.gov